# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JERROD BROWN, | ) CIVIL ACTION NO. 9:12-3409-JFA-BM |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| WARDEN OF FCI ESTILL, | ) |
| | ) |
| Respondent. | ) |

This Petition for a writ of habeas corpus was filed, pro se, on November 27, 2012,[1] pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at United States Penitentiary (USP) I in Coleman, Florida[2].

Respondent filed a motion to dismiss, or in the alternative, for summary judgment on March 5, 2013. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on March 6, 2013, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition to the motion on April 10, 2013.

This matter is now before the Court for disposition.[3]

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

[2]At the time the Petition was filed, Petitioner was housed at FCI Estill.

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. Respondent has filed a motion to dismiss, or in the alternative, for



**Background**

The record before the Court shows that Petitioner was sentenced on October 6, 2004, to a 220-month term of imprisonment by the United States District Court for the Southern District of Georgia for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(G) and § 924(E). See Respondent's Exhibit 1, Attachment A. On November 22, 2010, Petitioner's sentence was reduced to a 108-month term of imprisonment. See Respondent's Exhibit 1, Attachment L and Attachment 1; see also Brown v. United States, Nos. 409-070, 404-111, 2010 WL 3656016 (S.D.Ga. Sept. 15, 2010)[Granting Brown's § 2255 petition to be resentenced pursuant to Begay v, United States, 553 U.S. 137 (2008)]. Petitioner is currently incarcerated at USP I in Coleman, Florida with a projected release date of June 12, 2014, via Good Conduct Time (GCT) Release. See Respondent's Exhibit 1, Attachment A.

Prior to his federal conviction, the evidence reflects that on November 26, 2003 Petitioner was arrested by non-federal authorities in Chatham County, Georgia, on state charges related to the instant federal offense. See Respondent's Exhibit 1, Attachment B. Additionally, since Petitioner's arrest on those state charges was itself was a violation of a condition of his probation for a previous state conviction, the Chatham County Probation Office issued a Petition for Modification/Revocation of Probation on December 8, 2003. See Respondent's Exhibit 1, Attachment D. Thereafter, on April 9, 2004, a federal grand jury in the Southern District of Georgia returned an Indictment charging Petitioner with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(G) and § 924(E), Possession with Intent to Distribute Cocaine Base

---

summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



(Crack) in violation of 21 U.S.C. § 841(a)(1), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A).  See Respondent's Exhibit 1, Attachment E.  On April 27, 2004, Petitioner was "borrowed" by federal officials from the state of Georgia pursuant to a federal writ of habeas corpus ad prosequendum for processing of his federal charges.  See Respondent's Exhibit 1, Attachment F.

Some time in June or July, 2004,[4] Petitioner pled guilty to the federal charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924 (e) in the Southern District of Georgia, with the two other federal charges being dismissed.  See Transcript of State Court Proceedings (Attached to Petition), p. 2; August 2, 2012 Letter from Arvo Henifin, Assistant District Attorney (Exhibit A to Petitioner's Memorandum in Opposition to Summary Judgment); Respondent's Exhibit 1, Attachment G.  Petitioner remained in custody, and on August 20, 2004, his state probation was revoked.  Petitioner was ordered to serve the balance of his probation within the Chatham County Jail, the State Penal System, or other such place as the Commissioner of Correction directed.  That order further provided that "the end date is 6-25-06.  Suspend all fees to run concurrent with new charge."  See Respondent's Exhibit 1, Attachment D.  The "new charge", as referenced in this order, to which this sentence was to run concurrent, was apparently the state charges from November 26, 2003, although that is not clear.  In any event, the pending state charges were subsequently Nolle Prossed on August 23, 2004.  See Respondent's Exhibit 1, Attachment C.  However, Petitioner continued to serve his state probation revocation sentence.

---

[4]Although the date of Petitioner's plea to the federal charge is not shown, it was apparently some time in June or July, 2004.  Cf. Petitioner's Exhibit [Transcript], attached to Petition, p.2, l. 15-17; Petitioner's Reply Memorandum, attached Exhibit A.

3



On October 6, 2004, Petitioner was sentenced on the federal charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924 (e) in the Southern District of Georgia to a term of 220 months. This sentence was specifically ordered to be served *consecutively* to the state term he was currently serving for his probation violation. See Respondent's Exhibit 1, Attachment G. Following his federal sentencing, Petitioner was returned to the custody of state authorities for service of the remainder of his state sentence. See Respondent's Exhibit 1, Attachment F. At the expiration of his state sentence on June 25, 2006, Petitioner was released and transferred to the exclusive custody of federal authorities to begin service of his federal sentence. See Respondent's Exhibit 1, Attachment I.

Petitioner's federal sentence has been computed as beginning on June 25, 2006, the day that the GADOC turned Petitioner over to the exclusive custody of the United States Marshal Service for service of his federal sentence. See Respondent's Exhibit 1, Attachments A & I. Petitioner is eligible to earn a total of 377 days Good Conduct Time. See Respondent's Exhibit 1, Attachment C. This results in Petitioner having a projected release date from his federal sentence on June 12, 2014, via Good Conduct Time Release. See Respondent's Exhibit 1, Attachment A. However, Petitioner asserts in this federal habeas action that he should have received a *nunc pro tunc* designation, with credit for the time he was in state custody prior to June 25, 2006. Specifically, Petitioner requests that the Court award time spent in state custody toward his federal sentence from August 20, 2004, the date his state probation was revoked, to June 25, 2006. See Petition. It is undisputed that, while this time was credited to Petitioner's state sentence, which was subsequently



suspended,[5] it has not been credited to his federal sentence.

# I.

# (Exhaustion)

Respondent does not contest that, to the extent Petitioner's claim is challenging the Bureau of Prison ("BOP")'s decision not to credit him for prior time served in state custody, this claim may be brought under 28 U.S.C. § 2241, and that Petitioner has exhausted his administrative remedies with respect to this claim.  See Marlow Affidavit & Attachment A; see also  Hughes v. Slade, 347 F.Supp.2d 821 (C.D.Cal. 2004); Jimenez v. Warden, FDIC, Fort Devens, Massachusetts, 147 F.Supp.2d 24, 27 (D.Mass. June 8, 2001);  18 U.S.C. § 3585; Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984) [ "It is only when a prisoner has exhausted his administrative remedies that he becomes entitled to litigate the matter in the district court." ].  See also United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982).

# II.

# (Custody Credit)

Under federal law,

> [a] federal sentence cannot commence before it is imposed, United States v. Walker, 98 F.3d 944, 945-946 (7th Cir. 1996), and a district court has no power to award presentence credit, United States v. Wilson, 503 U.S. 329, 333 (1992); United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000).  A district court may order a federal sentence to run concurrently with an undischarged state sentence, 18 U.S.C. § 3584(a); Romandine v. United States, 206 F.3d 731, 737-738 (7th Cir. 2000) . . . . [but the BOP cannot give credit for any period of presentence custody that has already been credited against another sentence], 18 U.S.C. § 3585(b); Ross, 219 F.3d at 594.

---

[5]On April 25, 2012, the state court issued an order "correcting clerical error" stating that the previous state court order "shall be corrected such that the sentence, ending on the 25th day of June 2006, and all fees due be suspended in their entirety."  See Respondent's Exhibit 1, Attachment M.



Short v. Revell, No. 05-1890, 152 Fed.Appx. 542, 544 (7th Cir. Oct. 24, 2005)(unpublished).

In this case, Petitioner was sentenced on October 6, 2004. Petitioner does not dispute that he received credit towards his state sentence for his time in custody prior to that date, including for the time he had been "borrowed" by the U. S. Marshal per the federal writ to be seen by the federal court on his separate federal charge. A prisoner cannot receive double credit, and prior custody credit will therefore not ordinarily be granted under § 3585[6] if the prisoner has already received prior custody credit toward another sentence. See United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)["Section 3585(b) prohibits 'double-credit', i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence."]; United States v. Arroyo, 324 F.Supp.2d 472, 473-474 (S.D.N.Y. 2004)[BOP is precluded from granting credit for time in pre-sentence detention that has already been credited against another sentence]; Nguyen v. Department of Justice, No. 97-6489, 1999 WL 96740 (6th Cir. Feb. 3, 1999); Ransom v. Morton, No. 95-15127, 1995 WL 620935 (9th Cir. Oct. 19, 1995); see also

---

[6]Title 18 U.S.C. § 3585, Calculation of a term of imprisonment; provides as follows:

(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

6



28 U.S.C. ¶ 3585(b); <u>Bacon v. Federal Bureau of Prisons</u>, No. 545-18, 2001 WL 34684734 (D.S.C. Mar. 22, 2001).

Therefore, Petitioner is not entitled to any presentence credit time from August 20, 2004 until October 6, 2004, when he was sentenced on the federal charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924 (e) in the Southern District of Georgia. <u>See</u> Respondent's Exhibit 1, Attachment G. While it is possible under some circumstances for the sentencing court to order that Petitioner be given a retroactive concurrent sentence; <u>cf.</u> <u>Rodgers v. Holt</u>, No. 09-1376, 2010 WL 2265947 at * 3 (M.D.Penn. June 2, 2010)[Allowing credit for presentence time spent in state custody where "the federal sentencing court expressed clear intent to adjust petitioner's sentence and make it retroactively concurrent with his non-federal sentence for the time period [at issue]"]; the parties do not dispute that Petitioner's federal sentence was not ordered to run concurrent with any other sentence, including any presentence time he had served. In fact, Petitioner's sentence was specifically ordered to be served consecutively to his state court sentence. <u>See</u> Respondent's Exhibit 1, Attachment G.

With regard to potential credit on his federal sentence for time served in state custody after October 6, 2004, as noted Petitioner was specifically sentenced by the federal court to a term of 220 months to be served *consecutively* to the term he was currently serving for his state probation violation. <u>See</u> Respondent's Exhibit 1, Attachment G. Petitioner does not dispute that he received credit for the time at issue (October 6, 2004 to June 25, 2006) against his state court sentence. Even when Petitioner's federal sentence was subsequently reduced on November 22, 2010, due to a resentencing under § 2255 pursuant to <u>Begay</u>, his federal sentence was again ordered to be served consecutively. <u>See</u> Respondent's Exhibit 1, Attachment L. Hence, even if it was the intent of the

7



*state court* for Petitioner's state sentence to run concurrent to his federal sentence, that would not result in a concurrent sentence having been run. Cf. Leal v. Tombone, 341 F.3d 427, 427–430 (5th Cir.2003)[Due process did not require U.S. Marshals Service to take petitioner into federal custody in order to comply with state court judge's order that state court sentence be served concurrent with federal sentence]; Jake v. Herschberger,173 F.3d 1059, 1065 (7th Cir.1999); Del Guzzi v. United States, 980 F.2d 1269, 1270–1271 (9th Cir.1992); Lewis v. U.S. Attorney, No. 94–2275, 1995 WL 700962 at * 1(10th Cir. Nov.14, 1995)[concurrent sentence by state court judge is nothing more than a recommendation] (collecting cases); cf United States v. Taylor, 279 Fed.Appx. 603, 605–606 (10th Cir.2008)[Under our dual sovereign system of government, the state court's order could not bind the Parole Commission](citing Cotton v. United States Parole Comm'n, No. 94–6241, 1994 WL 596895 at * 3 (10th Cir.1993)); Garcia–Gutierrez, 835 F.2d at 586–587; Bayley v. Page True, No. 97–3223, 1998 WL 186865 at 2–3 (10th Cir. Mar.4, 1998). Furthermore, it is worth noting that if the state court wished to accomplish this goal, the state authorities could have attempted to relinquish or waive primary jurisdiction over the Petitioner in October of 2004. See Rodriguez-Luna v. Pettiford, No. 07-3398, 2008 WL 4131773, at * 2 (D.S.C. Aug. 29, 2008). That was not done in Petitioner's case.

Finally, the United States Marshal Service's "borrowing" Petitioner from the GADOC via a federal writ also did not change his custody status for purposes of his federal credit calculation. Although Petitioner was physically in the hands of the United States Marshal before his federal sentencing, he actually remained in the legal custody of the State of Georgia during that period and therefore received credit only against his state sentence. United States v. Evans, 159 F.3d 908, 911-912 (4th Cir. 1998); Stewart Bailey, 7 F.3d 384, 389 (4th Cir.1993)[a prisoner is not "in custody" when he appears in another jurisdiction's court pursuant to an ad prosequendum writ; he is merely



"on loan" to that jurisdiction's authorities]; Thomas v. Whalen, 962 F.2d 358, 361 n. 3 (4th Cir.1992); Short, 152 Fed.Appx. at 544; Jake v. Herschberger, 173 F.3d 1059, 1062 n. 1 (7th Cir.1999); Sinito v. Kindt, 954 F.2d 467, 469 (7th Cir.1992)(per curiam)[writ of habeas corpus ad prosequendum does not alter custody status]; Flick v. Blevins, 887 F.2d 778, 781 (7th Cir.1989)(per curiam)[prisoner delivered on writ of habeas corpus ad prosequendum does not alter custody status].

### III.

### (Nunc pro tunc designation)

Petitioner also argues that he is entitled to federal credit for time served in state custody because the state court subsequently issued an order "correcting clerical error" dated April 25, 2012, stating that the previous order "shall be corrected such that the sentence, ending on the 25th day of June 2006, and all fees due be suspended in their entirety." See Exhibit 1, Attachment M. Petitioner argues that he should therefore receive credit on his federal sentence because the state court intended for his state sentence to be suspended upon the imposition of his federal sentence.[7] However, the state court's determination, six (6) years after the fact, that his state sentence should be deemed suspended, has no binding effect on his federal sentence.

Petitioner argues that since the State court changed its order in 2012 to state that his state sentence was suspended, he should receive credit *nunc pro tunc* for the time he spent in state

---

[7]The 2012 state court order apparently was a result of the State not having originally suspended Petitioner's state sentence when he was sentenced federally. At his state court plea, the Solicitor had stated, "[i]t's also my understanding that he is agreeing, through counsel, that he will consent to revocation in full, and that the actual service of that revocation will be suspended so that he can go off to Federal prison, which we estimate to be in next couple of months, that he'll go off to the Federal system." See Transcript, pp. 2-3. However, even if it was the original intention of the State to suspend Petitioner's state sentence once he was sentenced federally, the State never subsequently suspended the running of Petitioner's state sentence, which he served in full until June 25, 2006.



custody towards his federal sentence. However, as noted that order was issued years after Petitioner had finished serving his state court sentence. "A *nunc pro tunc* designation is utilized to designate a non-federal facility for service of a federal sentence to result in concurrent service of state and federal sentences while the inmate was or is in the primary custody of state authorities." Pratt v. Owens, 2010 WL 93909 at *2 n.2 (D.S.C. Jan. 8, 2010). Further, because "the Petitioner received credit toward his state sentence for the time served prior to [June 25, 2006] . . . he [ ] is not entitled to credit toward his federal sentence for this time because he received credit toward his state sentence for this time." Pratt, 2010 WL 93909, at * 2. The federal sentencing judge also specifically ordered on two separate occasions that Petitioner's federal sentence was to run consecutive to his state court sentence. Therefore, Petitioner is not entitled to *nunc pro tunc* relief from this Court.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion to dismiss or for summary judgment be **granted**, and that this case be **dismissed, with prejudice.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 22, 2013
Charleston, South Carolina

10



**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

